**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____

| | |
|---|---|
| **MARIO QUIROZ, *et al.*, and all others similarly situated** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **WILHELM COMMERCIAL BUILDERS, INC., *et al.*** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**Civil Action No. WGC-10-2016**

_____)

## REPORT AND RECOMMENDATION

On December 23, 2010 this case was referred to the undersigned for all further proceedings. *See* ECF No. 28. At the time of the referral, Defendant Wilhelm Commercial Builders, Inc. ("Defendant Wilhelm") was the *only* Defendant to file an Answer to the Complaint. *See* ECF No. 23. The other five Defendants failed to file Answers to the Complaint. A Clerk's Entry of Default was docketed against these Defendants. *See* ECF No. 19 (Defendants Haiol A. Umanzor and Umanzor Drywall, Inc.), ECF No. 20 (Defendant J.K. Consultants, Inc.), ECF No. 21 (Defendants P.H. Drywall & Painting Services, Inc. and Luis Portillo).

On June 3, 2011, as amended on July 15, 2011, Plaintiffs moved for default judgment as to Umanzor Drywall, Inc. and Haiol A. Umanzor. *See* ECF Nos. 38, 40. Because these Defendants did not consent to proceed before a United States Magistrate Judge, *see* ECF No. 27, the undersigned was prohibited from ruling on the motion and the matter was referred back to the Court. After a telephonic hearing on July 8, 2011, the Court granted Plaintiffs' motion for default judgment against Defendants Umanzor Drywall, Inc. and Haiol A. Umanzor, jointly and severally, in favor of each named Plaintiff on July 18, 2011. The Court also entered a default

1

judgment against Defendants Umanzor Drywall, Inc. and Haiol A. Umanzor, jointly and severally, in favor of Plaintiffs' counsel (Public Justice Center) for reasonable attorney's fees and costs totaling $28,826.20.  *See* ECF No. 41.

On August 31, 2011 the undersigned approved the consent decree between Plaintiffs and Defendant Wilhelm.  *See* ECF No. 50.  Two days later, on September 2, 2011, Plaintiffs filed a motion for default judgment against Defendants P.H. Drywall & Painting Services, Inc. and Luis Portillo (ECF No. 51) and a motion for default judgment against Defendant J.K. Consultants, Inc. (ECF No. 52).  No oppositions have been filed and the motions are ready for resolution. Because these three Defendants *did not consent* to proceed before a United States Magistrate Judge for all further proceedings in the case, the undersigned lacks authority to rule on these pending dispositive motions.  The undersigned therefore, instead, submits this report and recommendation.

## BACKGROUND

As alleged in their Complaint Mario Quiroz and the remaining seven individually named Plaintiffs[1] were employed by Defendants Wilhelm Commercial Builders, Inc., J.K. Consultants, Inc., Haiol A. Umanzor, P.H. Drywall & Painting Services, Inc., Luis Portillo and Umanzor Drywall, Inc. ("Umanzor Drywall") to install drywall and ceiling tiles, demolish floors and work on other construction projects in Maryland and the District of Columbia in 2008 and 2009.  *See* ECF No. 1 (Compl. ¶¶ 5 – 14).  In hiring these Plaintiffs, Defendants agreed to pay Plaintiffs a fixed hourly wage, either $15 per hour or $16 per hour.  *Id.* (Compl. ¶¶ 31-32).  Plaintiffs allege, despite performing the work as directed by Defendants, Plaintiffs were not paid all wages due for the work they performed, including overtime work, as required by the Fair Labor Standards Act

---

[1]  When the Complaint was filed on July 22, 2010 ten individual Plaintiffs were identified in this litigation.  *See* ECF No. 1.  By the Order of April 11, 2011 Plaintiffs Ronald Flores and Richard Rodriguez were dismissed without prejudice.  *See* ECF No. 33.

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq. Id.* (Compl. ¶¶ 52-72).

The litigation has been resolved with regards to three of the Defendants, specifically, Defendants Umanzor Drywall and Haiol A. Umanzor and Defendant Wilhelm.  Regarding the other three Defendants, on September 22, 2010 Defendant J.K. Consultants, Inc. ("J.K. Consultants") through its registered agent Jeffrey S. Kinsley, was personally served a copy of the Summons and Complaint.  *See* ECF No. 9.  Defendant J.K. Consultants had twenty-one (21) days, or by October 13, 2010, to file an answer.  Defendant J.K. Consultants did not file an answer.  On October 14, 2010 Plaintiffs moved for entry of default.  *See* ECF No. 15.  On November 16, 2010 the Clerk entered a default against Defendant J.K. Consultants.  *See* ECF No. 20.

Similarly, on September 22, 2010 Defendant Luis Portillo was personally served a copy of the Summons and Complaint.  *See* ECF No. 10.  Concurrently[2] Defendant P.H. Drywall & Painting Services, Inc. ("P.H. Drywall"), through its registered agent Luis Portillo, was personally served a copy of the Summons and Complaint.  *See* ECF No. 11.  Both Defendants Luis Portillo and P.H. Drywall had twenty-one (21) days, or by October 13, 2010, to file their answers.  Neither Defendant Luis Portillo nor Defendant P.H. Drywall filed an answer.  On October 15, 2010 Plaintiffs moved for entry of default.  *See* ECF No. 17.  On November 16, 2010 the Clerk entered a default against Defendant Luis Portillo and Defendant P.H. Drywall. *See* ECF No. 21.

---

[2]  The undersigned notes the server omitted the date of service on the "Proof of Service" form.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs entries of default and default judgment.  As noted *supra* the Clerk entered defaults against Defendants Luis Portillo, P.H. Drywall and J.K. Consultants.  The entry of a default does not automatically entitle a party to a default judgment. Granting a request for a default judgment is within the discretion of the court.  Cases should be decided on the merits.  However, when the unresponsiveness of a party essentially halts litigation, a default judgment may be appropriate.  *See SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

With the entry of default the well-pleaded allegations of the complaint as to liability are taken as true.  Damages however must be proven.  The court may conduct a hearing if it needs to conduct an accounting or determine the amount of damages.  Fed. R. Civ. P. 55(b)(2).  Such a hearing however is not mandatory.  The court instead may rely on affidavits or other evidentiary documents in the record to determine the amount of damages.  *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

**ANALYSIS**

Plaintiffs' Complaint does not identify the amount of damages sought.  For instance, in paragraph b of the "Prayer for Relief," Plaintiffs request the court "[g]rant judgment against Defendants, jointly and severally, and in favor of each Plaintiff and similarly-situated worker, in the amount of each Plaintiff's and similarly-situated worker's respective unpaid minimum and overtime wages, plus an equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b)[.]" Where a complaint does not specify an amount, "the court is required to make an independent

4

determination of the sum to be awarded." *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)

(citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975)).  Plaintiffs have

submitted declarations and other documentary evidence in support of the specific amounts of

damages they seek.  The undersigned shall make an independent determination of the sum to be

awarded, beginning with the motion for default judgment against Defendants Luis Portillo and

P.H. Drywall.

A.    *Motion for Default Judgment against Luis Portillo & P.H. Drywall ("Portillo Defendants")*

Plaintiffs seek a default judgment, jointly and severally, against the Portillo Defendants,

pursuant to Federal Rule of Civil Procedure 55(b), in the following amounts:

| | |
|---|---|
| Mario Quiroz | $10,420 |
| Hugo Camacho | $12,140 |
| Roberto Aguilar | $6,320 |
| José Espinoza | $960 |
| Macario Román-Vargas | $7,168 |
| Milton Velarde | $4,592 |
| Alvaro Rojas Castellón | $4,520 |
| Mario Caballero | $10,080 |

In addition Plaintiffs seek attorney's fees and costs totaling $30,299.55.  Plaintiffs request a total

award be entered in their favor and against the Portillo Defendants, jointly and severally, in the

amount of $86,429.55.

There is no evidence before the undersigned that the wages owed to Plaintiffs but

withheld by the Portillo Defendants were the result of a bona fide dispute.  Md. Code Ann., Lab.

& Empl. § 3-507.2(b)[3] (2010).  In an action to recover unpaid minimum wages, unpaid overtime compensation or liquidated damages under the FLSA, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."  29 U.S.C. § 260.  Section 216(b) allows the recovery of liquidated damages in an amount equal to the unpaid minimum wage or unpaid overtime compensation.  There is no evidence before the undersigned that the Portillo Defendants have a good faith basis or a reasonable belief for not paying Plaintiffs the wages owed for work performed.  29 U.S.C. § 260

Plaintiffs seek not only their unpaid wages but also treble damages under the Maryland Wage Payment and Collection Law.  Plaintiffs have asserted and the undersigned has taken as true (with the entries of default against Defendants Luis Portillo and P.H. Drywall) that these Defendants violated both the FLSA and Maryland law by withholding Plaintiffs' wages. Plaintiffs are entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both.  "It . . .goes without saying that the courts can and should preclude double recovery by an individual."  *General Tel. Co. v. EEOC*, 446 U.S. 318, 333 (1980).  *See Butler v. DirectSat USA, LLC*, No. DKC 10-2747, 2011 U.S. Dist. LEXIS 72341, at *24 (D. Md. Jul. 6, 2011) ("Ultimately Plaintiffs will not be able to recover twice for the same injury. . . .").

Under the Maryland Wage Payment and Collection Law, if the withholding of Plaintiffs' wages by the Portillo Defendants was not the result of a bona fide dispute, "a court *may* award

---

[3] In 2010 this section was redesignated as § 3-507.2.  Prior to the 2010 redesignation, this section was known as § 3-507.1.

the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs." Md. Code Ann., Lab. & Empl. § 3-507.2(b) (2010) (emphasis added). "[T]he additional damages allowed under § 3-507.1(b)[4] is neither required to be awarded nor fixed in amount. The plaintiff *may* be awarded an amount 'not exceeding 3 times the wage.' Not only is *any* award discretionary, but the amount that may be awarded is flexible, from zero up to three times the wage." *Admiral Mortgage, Inc. v. Cooper*, 357 Md. 533, 547, 745 A.2d 1026, 1033 (2000). The statutory damage formula under the newly redesignated § 3-507.2(b) for additional damages would be computed as follows: "'(amount of wrongfully withheld wages) x (3 or less).'" *Stevenson v. Branch Banking & Trust Corp.*, 159 Md. App. 620, 662, 861 A.2d 735, 759 (2004).

Based on a review of Plaintiffs' Complaint, the fact that Defendants Luis Portillo and P.H. Drywall were personally served with a summons and complaint but neither Defendant filed an answer, and the lack of any evidence of a bona fide dispute, a good faith basis or a reasonable belief for Defendants Luis Portillo and P.H. Drywall to withhold wages earned by Plaintiffs for work performed, the undersigned recommends an award of treble damages under the Maryland Wage Payment and Collection Law.

The undersigned has reviewed carefully the declaration (and any accompanying exhibit) of each Plaintiff. The requested amounts for an award (based on unpaid wages plus treble damages) by Hugo Camacho ($12,140), Roberto Aguilar ($6,320), José Espinoza ($960), Macario Román-Vargas ($7,168), Milton Velarde ($4,592) and Alvaro Rojas Castellón ($4,520) should be approved. For the reasons explained below, the undersigned does not recommend approval of the requested amounts for Mario Quiroz ($10,420) and Mario Caballero ($10,080).

---

[4] Now designated § 3-507.2(b).

1.      *Declaration of Mario Quiroz*

In paragraph 16 of his declaration Mario Quiroz declares, "I took notes of my hours worked and the calculations in paragraphs 8 through 15 are based on those notes.  My notes are attached as Attachment C."  The undersigned has reviewed Attachment C, a two page document.

In paragraph 8 Mr. Quiroz declares that he worked 48 hours (40 regular hours at $15/hour + 8 overtime hours at $22.50/hour) for the Portillo Defendants during the week beginning October 26, 2009.  Attachment C reflects Mr. Quiroz working six days from October 26 – 31, eight (8) hours each day.  On the line for October 31, Mr. Quiroz wrote "escuela."  It is the undersigned's understanding that the Spanish word "escuela" means school.

Mr. Quiroz also seeks unpaid wages from Defendant J.K. Consultants.  In their Memorandum of Law in Support of their Motion for Default Judgment against Defendant J.K. Consultants, Plaintiffs disclose,

> Plaintiffs and Defendant Wilhelm Commercial Builders, Inc. ("Defendant Wilhelm") engaged in discovery which revealed that Defendant J.K. Consultants did not employ or jointly employ Plaintiffs at the Maryland work sites alleged in Plaintiffs' Complaint during the relevant time periods.  *See* Doc. 1 at ¶ 28. Based on Plaintiffs' recollections and information revealed in discovery with Defendant Wilhelm, Defendant J.K. Consultants employed or jointly employed Plaintiffs only at the Washington, D.C. school worksite.

Pls.' Mem. Supp. Mot. Default J. at 3.

In paragraph 12 of his declaration in support of the motion for default judgment against Defendant J.K. Consultants, Mr. Quiroz declares, "I took notes of my hours worked and the calculations in paragraphs 8 through 11 are based on those notes.  My notes are attached as Attachment A."  This attachment is *identical* to Attachment C in support of the motion for default judgment against Defendants P.H. Drywall and Luis Portillo.

In paragraph 8 of the declaration concerning Defendant J.K. Consultants, Mr. Quiroz declares, "On or about October 31, 2009, I worked 8 hours for the Defendant J.K. Consultants." Mr. Quiroz's notes, in fact, confirm he worked 8 hours on October 31 at a school or "escuela." Mr. Quiroz's notes do not show that he worked a total of 16 hours, meaning *8 hours* for the Portillo Defendants in Maryland <u>and</u> *8 hours* for Defendant J.K. Consultants in Washington, D.C. Because Mr. Quiroz's contemporaneous notes indicate he worked 8 hours on October 31 at a school, the undersigned recommends the Court grant relief to Mr. Quiroz for a total of 40 hours *only* for the week beginning October 26, 2009 for work performed as an employee of the Portillo Defendants in Maryland.

Second, in paragraph 9 of his declaration supporting the motion for default judgment against Defendants P.H. Drywall and Luis Portillo, Mr. Quiroz seeks unpaid wages for 35 hours of work for the week beginning November 2, 2009. In paragraph 9 of his declaration supporting the motion for default judgment against Defendant J.K. Consultants, Mr. Quiroz seeks unpaid wages for 11 hours of work for the week beginning November 2, 2009. The undersigned has reviewed Mr. Quiroz's notes attached to his declarations, specifically Attachment C to the declaration regarding the Portillo Defendants and Attachment A to the declaration regarding Defendant J.K. Consultants. The notes are *identical*. The notes reveal that on November 2, 3 and 4, Mr. Quiroz worked 8 hours each, a total of 24 hours. On November 6, Mr. Quiroz worked 11 hours. Mr. Quiroz wrote the word "escuela" next to this date. The undersigned has previously noted that "escuela" is the Spanish word for school. Plaintiffs have conceded that they worked for J.K. Consultants at a school in the District of Columbia. Mr. Quiroz's notes do not show any other 11 hour period during the week of November 2, 2009 *except* for the 11 hours worked at the school in the District of Columbia. For this reason the undersigned recommends

the Court grant relief to Mr. Quiroz for a total of 24 hours *only* for the week beginning November 2, 2009 for work performed as an employee of the Portillo Defendants in Maryland.

The undersigned finds the remainder of Mr. Quiroz's declaration in support of the motion for default judgment against Defendants P.H. Drywall and Luis Portillo is consistent with Mr. Quiroz's contemporaneous notes.   The undersigned thus recommends a reduction in Mr. Quiroz's requested amount.   Specifically, Mr. Quiroz requests $660 as unpaid wages for 48 hours worked for the Portillo Defendants during the week of October 26, 2009.   Because the undersigned found Mr. Quiroz worked 40 hours *only*, Mr. Quiroz's unpaid wages total **$480**. Similarly, Mr. Quiroz requests $525 for 35 hours worked for the Portillo Defendants during the week of November 2, 2009.   Because the undersigned found Mr. Quiroz worked 24 hours *only*, Mr. Quiroz's unpaid wages total **$360**.   The total wages owed, as claimed by Mr. Quiroz, are reduced from $3,045 to **$2,700**.   In his declaration Mr. Quiroz admitted receiving two $220 payments or $440 from the Portillo Defendants, thereby reducing the total unpaid wages to **$2,260**.   Three times the unpaid wages equal **$6,780**.   Mr. Quiroz's total unpaid wages ($2,260) + treble damages ($6,780) equal **$9,040**, the amount the undersigned recommends should be awarded in Mr. Quiroz's favor.

2.      *Declaration of Mario Caballero*

In paragraph 16 of his declaration Mario Caballero declares, "I took notes of my hours worked, and the calculations in paragraphs 8 to 15 are based on those notes.   My notes are attached as Attachment B."   The undersigned has reviewed Attachment B, a two page document.

In paragraph 8 Mr. Caballero declares that he worked 48 hours (40 regular hours at $16/hour + 8 overtime hours at $24/hour) for the Portillo Defendants during the week beginning October 26, 2009.   Attachment B reflects Mr. Caballero working six days from October 26 – 31,

eight (8) hours each day.  On the line for October 31, 2009 Mr. Caballero wrote "Washin esc."

The undersigned has a reasonable basis to believe this abbreviation means "Washington school."

Like Mr. Quiroz, Mr. Caballero also seeks unpaid wages from Defendant J.K.

Consultants.  In their Memorandum of Law in Support of their Motion for Default Judgment

against Defendant J.K. Consultants, Plaintiffs disclose,

> Plaintiffs and Defendant Wilhelm Commercial Builders, Inc. ("Defendant Wilhelm") engaged in discovery which revealed that Defendant J.K. Consultants did not employ or jointly employ Plaintiffs at the Maryland work sites alleged in Plaintiffs' Complaint during the relevant time periods.  *See* Doc. 1 at ¶ 28. Based on Plaintiffs' recollections and information revealed in discovery with Defendant Wilhelm, Defendant J.K. Consultants employed or jointly employed Plaintiffs only at the Washington, D.C. school worksite.

Pls.' Mem. Supp. Mot. Default J. at 3.

In paragraph 12 of his declaration in support of the motion for default judgment against

Defendant J.K. Consultants, Mr. Caballero declares, "I took notes of my hours worked, and the

calculations in paragraphs 8 to 12 are based on those notes.  My notes are attached as Attachment

A."  This attachment is *identical* to Attachment B in support of the motion for default judgment

against Defendants P.H. Drywall and Luis Portillo.

In paragraph 8 of the declaration concerning Defendant J.K. Consultants, Mr. Caballero

declares, "For the week beginning October 26, 2009, I worked 8 hours for the Defendant J.K.

Consultants."  For Saturday, October 31, 2009 Mr. Caballero's notes not only indicate that he

worked 8 hours but also that he worked 8 hours at a school in the District of Columbia.  On his

notes Mr. Caballero wrote the number of hours he worked the week of October 26, 2009, "48"

and he circled the number.  Based on Mr. Caballero's *own* notes, the undersigned finds Mr.

Caballero did not work *48 hours* for the Portillo Defendants during the week of October 26, 2009

and also work *8 hours* for Defendant J.K. Consultants at a school in the District of Columbia. Because Mr. Caballero's contemporaneous notes indicate he worked 8 hours on October 31, 2009 at a school in the District of Columbia, the undersigned recommends the Court grant relief to Mr. Caballero for a total of 40 hours *only* during the week beginning October 26, 2009 for work performed as an employee of the Portillo Defendants in Maryland.

Second, in paragraph 9 of his declaration supporting the motion for default judgment against Defendants P.H. Drywall and Luis Portillo, Mr. Caballero seeks unpaid wages for 35 hours of work for the week beginning November 2, 2009. In paragraph 9 of his declaration supporting the motion for default judgment against Defendant J.K. Consultants, Mr. Caballero seeks unpaid wages for 11 hours of work for the week beginning November 2, 2009. The undersigned has reviewed Mr. Callabero's notes attached to his declarations, specifically Attachment B to the declaration regarding the Portillo Defendants and Attachment A to the declaration regarding Defendant J.K. Consultants. The notes are identical. The notes reveal that on November 6, 2009 Mr. Caballero worked 11 hours. On this same line Mr. Caballero wrote "Washin esc" which this undersigned finds is an abbreviation for "Washington school." Further, Mr. Caballero wrote the total number of hours worked for the week of November 2, 2009, "35" and he circled that number.

Plaintiffs have conceded that they worked for Defendant J.K. Consultants at a school in the District of Columbia. Mr. Caballero's notes do not show any other 11 hour period during the week of November 2, 2009 *except* for the 11 hours worked at the school in the District of Columbia. For this reason the undersigned recommends the Court grant relief to Mr. Caballero for a total of 24 hours *only* for the week beginning November 2, 2009 for work performed as an employee of the Portillo Defendants in Maryland.

Third, in paragraph 14 of his declaration in support of the motion for default judgment against Defendants P.H. Drywall and Luis Portillo, Mr. Caballero declares, "During the week beginning December 14, 2009, I worked 24 hours for the Portillo Defendants." The undersigned has compared that statement with Mr. Caballero's notes. Those notes indicate Mr. Caballero worked 16 hours only for the week beginning December 14, 2009. On his contemporaneous notes Mr. Caballero wrote "16" and circled that number. The undersigned recommends the Court grant relief to Mr. Caballero for a total of 16 hours *only* for the week beginning December 14, 2009 for work performed as an employee of the Portillo Defendants in Maryland.

The undersigned finds the remainder of Mr. Caballero's declaration in support of the motion for default judgment against Defendants P.H. Drywall and Luis Portillo is consistent with Mr. Caballero's contemporaneous notes. The undersigned thus recommends a reduction in Mr. Caballero's requested amount. Specifically, Mr. Caballero requests $712 (amount includes a credit of $120 as partial payment of wages) as unpaid wages for 48 hours of work during the week beginning October 26, 2009 for the Portillo Defendants. Because the undersigned found Mr. Caballero worked 40 hours *only*, Mr. Caballero's unpaid wages total **$520**. Second, Mr. Caballero requests $560 for 35 hours of work during the week of November 2, 2009 for the Portillo Defendants. Because the undersigned found Mr. Caballero worked 24 hours *only*, Mr. Caballero's unpaid wages total **$384**. Third, Mr. Caballero requests $184 (amount includes a credit of $200 as a partial payment of wages) as unpaid wages for 24 hours of work during the week beginning December 14, 2009 for the Portillo Defendants. Because the undersigned found Mr. Caballero worked 16 hours *only*, Mr. Caballero's unpaid wages total **$56**. The total wages owed, as claimed by Mr. Caballero, are reduced from $2,724 to **$2,228**. In his declaration Mr. Caballero disclosed receiving additional payments of $16 and $188 or a total of $204 from the

Portillo Defendants, thereby reducing the total unpaid wages to **$2,024**.  Three times the unpaid

wages equal **$6,072**.  Mr. Caballero's total unpaid wages ($2,024) + treble damages ($6,072)

equal **$8,096**, the amount this undersigned recommends should be awarded in Mr. Caballero's

favor.

B.      *Motion for Default Judgment against Defendant J.K. Consultants*

Plaintiffs seek a default judgment against Defendant J.K. Consultants, pursuant to Federal

Rule of Civil Procedure 55(b), in the following amounts:

| | |
|---|---|
| Mario Quiroz | $2,220 |
| Hugo Camacho | $2,220 |
| Macario Román-Vargas | $512 |
| Alvaro Rojas Castellón | $734.40 |
| Mario Caballero | $2,880 |

In addition Plaintiffs seek attorney's fees and costs totaling $30,082.05.  Plaintiffs request a total

award be entered in their favor and against Defendant J.K. Consultants in the amount of

$38,648.45.

At the outset the undersigned notes that Plaintiffs seek treble damages.  However

Plaintiffs have conceded that they worked for Defendant J.K. Consultants *exclusively* in the

District of Columbia.  An award of treble damages is not a remedy available under District of

Columbia law.

Although not pled in their Complaint Plaintiffs may seek relief under the D.C. Wage

Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq*.  District of Columbia

law provides for an award of liquidated damages.  *See* D.C. Code § 32-1303(4) ("If an employer

fails to pay an employee wages earned as required. . . , such employer shall pay, or be

additionally liable to, the employee, as liquidated damages, 10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to the unpaid wages, whichever is smaller. . . .”). Because Defendant J.K. Consultants owes unpaid wages from 2009, based on the formula under the D.C. Code, the undersigned finds liquidated damages in an amount equal to the unpaid wages would be smaller.

Under the FLSA “[a]ny employer who violates the [FLSA] . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.” 29 U.S.C. § 216(b). The undersigned finds any award of liquidated damages in this case would be the same under the DCWPCL and the FLSA. Plaintiffs are entitled to liquidated damages under the DCWPCL *or* liquidated damages under the FLSA, *not both*.

There is no evidence before the undersigned that the Defendant J.K. Consultants has a good faith basis or a reasonable belief for not paying Plaintiffs the wages owed for work performed. 29 U.S.C. § 260. Based on a review of Plaintiffs’ Complaint, the fact that Defendant J.K. Consultants was personally served with a summons and complaint but failed to file an answer and the lack of evidence of a good faith basis or reasonable belief for Defendant J.K. Consultants to withhold wages earned by Plaintiffs for work performed, the undersigned recommends an award of liquidated damages, either under the DCWPCL or the FLSA.

The undersigned has reviewed carefully the declaration (and any accompanying exhibit) of each Plaintiff. Each Plaintiff requests an award based on unpaid wages and/or overtime pay plus treble damages. As noted *supra* Plaintiffs acknowledged working for Defendant J.K. Consultants *exclusively* in the District of Columbia. Thus, the undersigned does not recommend

an approval of any of the amounts as requested by Plaintiffs. The undersigned reviews each request for an award below.

1. *Declaration of Mario Quiroz*

Mr. Quiroz requests an award of $2,220. The undersigned recommends the Court credit (a) $120 to Mr. Quiroz for the 8 hours he worked on October 31, 2009 and (b) $165 for the 11 hours he worked on November 6, 2009. The undersigned recommends the Court deny Mr. Quiroz's request of $60 for 4 hours of work during the week of December 14, 2009. Mr. Quiroz's contemporaneous notes do not indicate the 4 hours he worked on December 19, 2009 was at the school in the District of Columbia. Mr. Quiroz's contemporaneous notes specify the dates when he worked in the District of Columbia: October 31, 2009 and November 6, 2009. Mr. Quiroz has been credited with the 4 hours of work on December 19, 2009 under his claim against the Portillo Defendants. The undersigned also recommends the Court deny Mr. Quiroz's request of $210 for 14 hours worked beginning the week of December 20, 2009. Mr. Quiroz's contemporaneous notes reflect he worked 6 hours on December 21 and 8 hours on December 22, 2009. The notes do not state this work was performed at the school in the District of Columbia. Mr. Quiroz has been credited for these hours under his claim against the Portillo Defendants.

The undersigned thus finds Mr. Quiroz's unpaid wages owed by Defendant J.K. Consultants total **$285**. The undersigned recommends the Court award Mr. Quiroz **$285** as liquidated damages under the FLSA. The undersigned recommends the Court award **$570** in favor of Mr. Quiroz and against Defendant J.K. Consultants.

2. *Declaration of Hugo Camacho*

Mr. Camacho requests an award of $2,220. The undersigned recommends the Court credit Mr. Camacho (a) $120 for 8 hours of work during the week beginning October 26, 2009,

(b) $165 for 11 hours of work during the week beginning November 2, 2009 and (c) $120 for 8 hours of work during the week beginning December 14, 2009. The undersigned recommends the Court deny Mr. Camacho's request of $150 as the balance owed for 18 hours of work during the week of December 20, 2009. Mr. Camacho acknowledges receiving $120. In paragraph 11 of his declaration in support of the motion for default judgment against Defendant J.K. Consultants, Mr. Camacho declares,

> During the week beginning December 20, 2009, I worked 18 hours for the Portillo Defendants. For that week I earned a total of $270. I calculated this as follows: 18 regular hours x $15, for a total of $270. However, I was only paid $120, so I am still owed $150 for the work that I did that week.

In paragraph 15 of his declaration in support of the motion for default judgment against Defendants P.H. Drywall and Luis Portillo, Mr. Camacho declares,

> During the week beginning December 20, 2009, I worked 18 hours for the Portillo Defendants. For that week I was owed a total of $270. I calculated this as follows: 18 regular hours x $15, for a total of $270. However, I was only paid $120, so I am still owed $150 for the work I did that week.

The two paragraphs are *identical* – the hours worked, the partial pay received, and *the employer*. The declaration concerning employment in the District of Columbia on behalf of Defendant J.K. Consultants refers, in paragraph 11, to employment in Maryland on behalf of the Portillo Defendants. The undersigned questions the veracity of paragraph 11 and thus recommends the Court deny the requested relief.

The undersigned thus finds Mr. Camacho's unpaid wages owed by Defendant J.K. Consultants total **$405**. The undersigned recommends the Court award Mr. Camacho **$405** as liquidated damages under the FLSA. The undersigned recommends the Court award **$810** in favor of Mr. Camacho and against Defendant J.K. Consultants.

3.     *Declaration of Macario Román-Vargas*

Mr. Vargas requests an award of $512.  Because Mr. Vargas worked for Defendant J.K. Consultants in the District of Columbia, and not in Maryland, Mr. Vargas is not entitled to treble damages.

The undersigned recommends the Court credit Mr. Vargas **$128** for 8 hours of unpaid work ($16/hour) during the week of December 22, 2009.  The undersigned recommends the Court award Mr. Vargas **$128** as liquidated damages under the FLSA.  The undersigned recommends the Court award **$256** in favor of Mr. Vargas and against Defendant J.K. Consultants.

4.     *Declaration of Alvaro Rojas Castellón*

Mr. Castellón requests an award of $734.40.  The undersigned recommends the Court deny Mr. Castellón's request for the following reasons.

Mr. Castellón kept track of the hours he worked and memorialized this information on a sheet of paper.  This sheet of paper is Attachment A to his declaration.  In paragraph 9 of his declaration in support of the motion for default judgment against Defendant J.K. Consultants, Mr. Castellón declares, "I took notes of my hours worked and the calculations in paragraphs 7 and 8 are based on those notes.  My notes are attached as Attachment A."  Mr. Castellón also submitted a declaration in support of the motion for default judgment against Defendants P.H. Drywall and Luis Portillo.  In paragraph 11 of that declaration Mr. Castellón declares, "I took notes of my hours worked and the calculations in paragraphs 7 through 10 are based on those notes.  My notes are attached as Attachment A."  The undersigned has compared the two Attachment As and finds they are *identical*.

Mr. Castellón seeks $93.60 as the balance owed for 12 hours of work during the week of December 14, 2009.  Mr. Castellón acknowledges receiving $86.40 as partial payment.  For the same time period, the week of December 14, 2009, Mr. Castellón sought $220 as the balance owed for 28 hours of work on behalf of the Portillo Defendants in Maryland.  Mr. Castellón acknowledges receiving $200 as partial payment.  In reviewing Attachment A, Mr. Castellón's contemporaneous notes, he records working 8 hours on December 14, 8 hours on December 15, 8 hours on December 18 and 4 hours on December 19 for a total of *28 hours*.  Mr. Castellón has already been credited for these *28 hours* against the Portillo Defendants.  Mr. Castellón's contemporaneous notes do not reflect an additional *12 hours* of work during the week of December 14, 2009.  The undersigned also notes Mr. Castellón wrote "Luis Portillo" at the top of his contemporaneous notes.

Second, Mr. Castellón seeks $90 as the balance owed for 14 hours of work during the week of December 20, 2009.  Mr. Castellón acknowledges receiving $120 as partial payment.  For the same period, the week of December 20, 2009, Mr. Castéllon sought $90 as the balance owed for 14 hours of work on behalf of the Portillo Defendants in Maryland.  Mr. Castellón acknowledges receiving $120 as partial payment.  In reviewing Attachment A, Mr. Castellón's contemporaneous notes, he records working 6 hours on December 21 and 8 hours on December 22, 2009.  Mr. Castellón's contemporaneous notes do not reflect working a total of *28 hours* during the week of December 20, 2009, only a total of *14 hours*.  Mr. Castellón has already been credited for those *14 hours* of work against the Portillo Defendants.  The undersigned also notes Mr. Castellón wrote "Luis Portillo" at the top of his contemporaneous notes.  For these reasons the undersigned recommends the Court not award any money in favor of Plaintiff Alvaro Rojas Castellón and against Defendant J.K. Consultants.

5.      *Declaration of Mario Caballero*

Mr. Caballero requests an award of $2,880.  The undersigned recommends the Court credit Mr. Caballero (a) $ 128 for 8 hours of work the week beginning October 26, 2009, (b) $176 for 11 hours of work the week beginning November 2, 2009 and (c) $128 for 8 hours of work the week beginning December 14, 2009.  The undersigned recommends the Court deny Mr. Caballero's request of $288 for 18 hours of work the week beginning December 20, 2009.  In paragraph of 11 of his declaration in support of the motion for default judgment against Defendant J.K. Consultants, Mr. Caballero declares,

> During the week beginning December 20, 2009, I worked 18 hours for Defendant J.K. Consultants.  For that week, I was owed a total of $288.  I calculated it as follows:  18 regular hours x $16, for a total of $288.  However, I was not paid at all for that week; therefore, I am still owed $288 for the work I did that week.

In paragraph 15 of his declaration in support of the motion for default judgment against Defendants P.H. Drywall and Luis Portillo, Mr. Caballero declares,

> During the week beginning December 20, 2009, I worked 18 hours for the Portillo Defendants.  For that week, I was owed a total of $288.  I calculated it as follows: 18 regular hours x $16, for a total of $288.  However, I was not paid at all for that week; therefore, I am still owed $288 for the work I did that week.

The two paragraphs are *identical* with regard to the hours worked and the amount owed.  Mr. Caballero maintained contemporaneous notes of the hours he worked on behalf of his employers.  Mr. Caballero further specified the dates he worked for Defendant J.K. Consultants at a school in the District of Columbia:  October 31, 2009, November 6, 2009 and December 19, 2009.  Mr. Caballero's contemporaneous notes reveal he worked 4 hours on December 20, 6 hours on December 21 and 8 hours on December 22, 2009.  Mr. Caballero's contemporaneous notes reflect *18 hours* of work during the week beginning December 20, 2009, not *36 hours* of work.

Mr. Caballero has already been credited for those *18 hours* of work against the Portillo Defendants.

The undersigned recommends the Court find Mr. Caballero's unpaid wages owed by Defendant J.K. Consultants total **$432**.  The undersigned recommends the Court award Mr. Caballero **$432** as liquidated damages under the FLSA.  The undersigned recommends the Court award **$864** in favor of Mr. Caballero and against Defendant J.K. Consultants.

C.     *Attorney's Fees and Costs*

1.     *Attorney's Fees*

At the outset the undersigned notes Plaintiffs' counsel claim the *identical* number of hours worked for both the motion for default judgment against Defendants P.H. Drywall and Luis Portillo and for the motion for default judgment against Defendant J.K. Consultants.  The identical hours claimed are

*Case Development*                                              *52. 97 hours*

| | |
|---|---|
| Vaughn | 11.86 hours |
| Dworak-Fisher | 22.4 hours |
| Gardner | 2.1 hours |
| Boss | 11.7 hours |
| Pepper | 4.91 hours |

*Drafting & Preparing Pleadings*                              *39.46 hours*

| | |
|---|---|
| Vaughn | 19.96 hours |
| Dworak-Fisher | 6.9 hours |
| Gardner | 5.2 hours |
| Pepper | 7.4 hours |

*Motion for Entry of Default & Motion for Default Judgment*        *41.32*[5]

| Vaughn | 28.9 hours |
|---|---|
| Dworak-Fisher | 6.4 hours |
| Gardner | 2.3 hours |
| Boss | 16.25 hours |

On July 18, 2011 the Court granted Plaintiffs' motion for default judgment against Defendants Umanzor Drywall and Haiol A. Umanzor, jointly and severally, and awarded damages for each individual Plaintiff.   Additionally the Court entered "a default judgment against Defendants Umanzor Drywall, Inc. and Haiol A. Umanzor, jointly and severally, in favor of the Public Justice Center for reasonable attorney's fees and costs in the total amount of $28,826.20."  ECF No. 41 at 2.

In reviewing the Amended Declaration of Attorney's Fees and Costs by Andrea Vaughn in support of Plaintiffs' motion for default judgment against Defendants Umanzor Drywall and Haiol A. Umanzor, Plaintiffs' counsel claimed spending *52.97 hours* in case development, *39.46 hours* drafting and preparing pleadings and *41.32 hours* in connection with the motion for entry of default and motion for default judgment.  *See* ECF No. 38, Ex. 5 ¶¶ 13 – 15.

Although Plaintiffs sued *six defendants* in this litigation, Plaintiffs' counsel spent a finite number of hours on *case development* and then spent a finite number of hours on *drafting and preparing pleadings*.  Plaintiffs' counsel are *not* entitled to an award of attorney's fees for 52.97 hours spent on case development against Defendants Umanzor Drywall and Haiol A. Umanzor, jointly and severally, *as well as* an award of attorney's fees for 52.97 hours spent on case development against Defendants P.H. Drywall and Luis Portillo, jointly and severally, *in*

---

[5] In adding the individual hours claimed, the total number of hours should be **53.85**.  The total hours claimed by Plaintiffs, *41.32*, actually equals the individual hours worked by Plaintiffs' counsel as claimed in Plaintiffs' motion for default judgment against Umanzor Drywall, Inc. and Haiol A. Umanzor.  *See* ECF No. 38, Ex. 5 ¶ 15 ("Counsel spent a total of 41.32 hours in connection with Plaintiffs' Motion for Entry of Default and Motion for Default Judgment (Vaughn: 22.9 hours; Dworak-Fisher: 6.4 hours; Gardner: 2.0 hours; and Boss: 10.02 hours))."

*addition to* an award of attorney's fees for 52.97 hours spent on case development against Defendant J.K. Consultants.  The attorney's fees for 52.97 hours spent on case development should be awarded, *jointly and severally*, against Defendants Umanzor Drywall, Haiol A. Umanzor, P.H. Drywall, Luis Portillo and J.K. Consultants.

Similarly, Plaintiffs' counsel are *not* entitled to an award of attorney's fees for 39.46 hours spent on drafting and preparing pleadings against Defendants Umanzor Drywall and Haiol A. Umanzor, jointly and severally, *as well as* an award of attorney's fees for 39.46 hours spent on drafting and preparing pleadings against Defendants P.H. Drywall and Luis Portillo, jointly and severally, *in addition to* an award of attorney's fees for 39.46  hours spent on drafting and preparing pleadings against Defendant J.K. Consultants.  The attorney's fees for 39.46 hours spent on drafting and preparing pleadings should be awarded, *jointly and severally*, against Defendants Umanzor Drywall, Haiol A. Umanzor, P.H. Drywall, Luis Portillo and J.K. Consultants.

Plaintiffs' counsel seek attorney's fees for *41.32* (actually totals 53.85) *hours* spent on the motion for entry of default and motion for default judgment against Defendants P.H. Drywall and Luis Portillo, jointly and severally, and *41.32* (actually totals 53.85) *hours* spent on the motion for entry of default and motion for default judgment against Defendant J.K. Consultants. The Court previously awarded attorney's fees to Plaintiffs' counsel including *41.32 hours* on the motion for entry of default and motion for default judgment against Defendants Umanzor Drywall and Haiol A. Umanzor, jointly and severally.  *See* ECF No. 41.  Plaintiffs' counsel are entitled to attorney's fees for the time spent on the motion for entry of default and motion for default judgment against *each* defendant.  However the hours presently claimed in the pending motions — *41.32 hours* for the motions against Defendants P.H. Drywall and Luis Portillo and

*41.32 hours* for the motions against Defendant J.K. Consultants — appear excessive. The undersigned recognizes Plaintiffs' counsel spent considerable time preparing the motion for default judgment against Defendants Umanzor Drywall and Haiol A. Umanzor. However, with preparing a second and a third motion for default judgment, the amount of time dedicated to this task should have been reduced by a sizeable margin. For these reasons the undersigned recommends the Court award Plaintiffs' counsel **$3,590.45** as attorney's fees for 20.66 hours spent in connection with Plaintiffs' motion for entry of default and motion for default judgment against Defendants P.H. Drywall and Luis Portillo. Additionally, the undersigned recommends the Court award Plaintiffs' counsel **$3,590.45** as attorney's fees for 20.66 hours spent in connection with Plaintiffs' motion for entry of default and motion for default judgment against Defendant J.K. Consultants.

2.      *Costs*

In Plaintiffs' motion for default judgment against Defendants P.H. Drywall and Luis Portillo, Plaintiffs seek to recover the court filing fee of $350. *See* ECF No. 51, Ex. 9 ¶ 17. In Plaintiffs' motion for default judgment against Defendant J.K. Consultants, Plaintiffs seek to recover the court filing fee of $350. *See* ECF No. 52, Ex. 6 ¶ 17. When the Court entered default judgment against Defendants Umanzor Drywall and Haiol A. Umanzor, jointly and severally, the costs awarded included the court filing fee of $350.

Plaintiffs did not file multiple complaints against the five defendants mentioned in the previous paragraph. *One* complaint was filed. Plaintiffs paid a court filing fee of $350 *once*. The undersigned recommends this $350 court filing fee should be awarded, *jointly and severally*, against Defendants Umanzor Drywall, Haiol A. Umanzor, P.H. Drywall, Luis Portillo and J.K. Consultants.

Plaintiffs' counsel seek to recover $212.50 for the service of process costs (including service fees and a skip trace fee) against Defendants P.H. Drywall and Luis Portillo, jointly and severally, and seek to recover $65.00 for the service of process cost against Defendant J.K. Consultants.  The undersigned recommends these costs be awarded to Plaintiffs' counsel.

## **RECOMMENDATIONS**

1.      That Plaintiffs' Motion for Default Judgment against Defendants P.H. Drywall & Painting Services, Inc. and Luis Portillo be granted in part and denied in part;

2.      That a default judgment be entered against Defendants P.H. Drywall & Painting Services, Inc. and Luis Portillo, jointly and severally, and in favor of each Plaintiff as follows:

| | |
|---|---|
| Mario Quiroz | $9,040 |
| Hugo Camacho | $12,140 |
| Roberto Aguilar | $6,320 |
| José Espinoza | $960 |
| Macario Román-Vargas | $7,168 |
| Milton Velarde | $4,592 |
| Alvaro Rojas Castellón | $4,520 |
| Mario Caballero | $8,096 |

3.      That Plaintiffs' Motion for Default Judgment against Defendant J.K. Consultants, Inc. be granted in part and denied in part;

4.      That a default judgment be entered against Defendant J.K. Consultants, Inc. and in favor of each Plaintiff as follows:

| | |
|---|---|
| Mario Quiroz | $570 |
| Hugo Camacho | $810 |

| Macario Román-Vargas | $256 |
| Alvaro Rojas Castellón | $0 |
| Mario Caballero | $864 |

5.      That the Court modify its July 18, 2011 Order (ECF No. 41) with regard to the award of attorney's fees and costs as specified in paragraphs 6 and 9 below;

6.      That the fees claimed for hours spent on (a) case development and (b) drafting and preparing pleadings should be entered *jointly and severally* against Defendants Umanzor Drywall, Inc., Haiol A. Umanzor, P.H. Drywall & Painting Services, Inc., Luis Portillo and J.K. Consultants, Inc.;

7.      That the Court award Plaintiffs' counsel $3,590.45 as attorney's fees for 20.66 hours spent in connection with Plaintiffs' Motion for Entry of Default and Motion for Default Judgment against Defendants P.H. Drywall & Painting Services, Inc. and Luis Portillo.  The $3,590.45 should be entered jointly and severally against Defendants P.H. Drywall & Painting Services, Inc. and Luis Portillo;

8.      That the Court award Plaintiffs' counsel $3,590.45 as attorney's fees for 20.66 hours spent in connection with Plaintiffs' Motion for Entry of Default and Motion for Default Judgment against Defendant J.K. Consultants, Inc.;

9.      That the cost to recover expenses of filing the Complaint ($350) should be entered *jointly and severally* against Defendants Umanzor Drywall, Inc., Haiol A. Umanzor, P.H. Drywall & Painting Services, Inc., Luis Portillo and J.K. Consultants, Inc.; and

10.     That the costs associated with service of process (including service fees and skip trace fee) should be awarded to Plaintiffs' counsel as follows:  (a) $212.50 jointly and severally

against Defendants P.H. Drywall & Painting Services, Inc. and Luis Portillo and (b) $65 against

Defendant J.K. Consultants, Inc.


<u>November 17, 2011</u>                   _____/s/_____
          Date                              WILLIAM CONNELLY
                                        UNITED STATES MAGISTRATE JUDGE